**United States District Court**
For the Northern District of California

1

2

3               IN THE UNITED STATES DISTRICT COURT

4           FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6  J & J SPORTS PRODUCTIONS, INC.,              No. 10-05088 CW

7           Plaintiff and                       ORDER GRANTING IN
            Counterclaim Defendant,             PART PLAINTIFF'S
8                                               MOTION TO DISMISS
                                                DEFENDANTS'
        v.                                      COUNTERCLAIM,
9                                               Docket No. 21, AND
   CHRISTINE LYNN DEAN and JAMES                MOTION TO STRIKE
10 ROLAND DEAN, individually and                DEFENDANTS'
   doing business as TAVERN ON THE              AFFIRMATIVE
11 GREENS, and PMGC, INC., an                   DEFENSES, Docket
   unknown business entity doing                No. 22, DENYING
12 business as TAVERN ON THE GREENS,            PLAINTIFF'S
                                                SPECIAL MOTION TO
13         Defendants.                          STRIKE DEFENDANTS'
                                                COUNTERCLAIM,
14                                              Docket No. 23, AND
                                                GRANTING
15                                              PLAINTIFF'S MOTION
                                                FOR LEAVE TO FILE
16                                              REPLY BRIEFS,
                                                Docket No. 29
17  _____/

18
        Plaintiff and Counterclaim Defendant J & J Sports
19
   Productions, Inc. has moved to dismiss for lack of subject matter
20
   jurisdiction and failure to state a claim the counterclaim filed
21
   by Defendants Christine Lynn Dean and James Roland Dean,
22
   individually and doing business as Tavern on the Greens, and PMGC,
23
   Inc., also doing business as Tavern on the Greens.  Docket No. 21.
24
   In addition, Plaintiff has specially moved to strike Defendants'
25
   counterclaim pursuant to California Code of Civil Procedure
26
   § 425.16, Docket No. 23, and moved to strike Defendants'
27
   affirmative defenses, Docket No. 22.  Defendants have opposed the
28

**United States District Court**
For the Northern District of California

1  motions to dismiss and strike.  Plaintiff did not file a timely

2  reply to any of the opposition briefs, but later moved for leave

3  to file late reply briefs.  The motion for leave included the

4  proposed reply briefs.  Defendants have not opposed the motion for

5  leave.

6      Having considered all of the parties' submissions, the Court

7  GRANTS Plaintiff's motion for leave to file reply briefs, and

8  GRANTS IN PART Plaintiff's motions to dismiss Defendants'

9  counterclaim and strike Defendants' affirmative defenses.

10  Plaintiff's special motion to strike the counterclaim pursuant to

11  section 425.16 is DENIED.

12                          BACKGROUND

13      This lawsuit arises from a boxing match between Manny

14  Pacquiao and Miguel Cotto, the World Boxing Organization's

15  Welterweight Championship Fight, which was telecast on November

16  14, 2009.  Plaintiff has alleged that it was granted the exclusive

17  commercial distribution (closed-circuit) rights to the nationwide

18  telecast, including the match, all under-card bouts and fight

19  commentary encompassed in the television broadcast of the event

20  (the Program).

21      On November 10, 2010, Plaintiff filed suit alleging that

22  Defendants unlawfully showed the Program at their establishment,

23  Tavern on the Greens, in Martinez, California.  Plaintiff brings

24  four claims: (1) a violation of 47 U.S.C. § 605, (2) a violation

25  of 47 U.S.C. § 553, (3) conversion and (4) a violation of

26  California Business and Professions Code § 17200.  With respect to

27  its first two claims, Plaintiff seeks statutory damages in the

28  amount of $170,000 against each of the Defendants, in addition to

2

**United States District Court**
For the Northern District of California

1   reasonable attorneys' fees and costs, as permitted by the

2   statutes.  Plaintiff seeks compensatory, as well as punitive and

3   exemplary, damages from Defendants in connection with its claim

4   for conversion.  Pursuant to its claim under section 17200,

5   Plaintiff seeks restitution and disgorgement of Defendants'

6   purportedly ill-gotten gains, as well as injunctive and

7   declaratory relief, and attorneys' fees.

8        On April 3, 2011, Defendants filed their Answer to

9   Plaintiff's Complaint.  Defendants Christine Lynn Dean and James

10  Roland Dean admitted to owning a business entity known as PMGC,

11  Inc., which conducted business as Tavern on the Greens, but

12  otherwise denied Plaintiff's allegations and stated eleven

13  affirmative defenses.  In addition, Defendants alleged a

14  counterclaim for declaratory relief, seeking an order from this

15  Court that sections 605 and 553 violate various provisions of the

16  Constitution.  Defendants seek a "judicial determination of their

17  rights and duties," and a "declaration of the validity" of

18  sections 553 and 605, or, in the alternative, "a declaration of

19  the exact terms and meaning of the statutes, the conduct and/or

20  acts prohibited by the statute and/or permitted by the statutes,

21  so that the Defendants/Counter-claimants or other similar [sic]

22  similarly situated in the public can conform their conduct . . ."

23       In connection with their counterclaim, Defendants allege the

24  following facts.  Defendant PMCG, Inc. operates a golf course, on

25  which two buildings are located.  One building is a mobile home

26  trailer.  The mobile home is a residential dwelling rented to the

27  facility caretaker.  The other building, located nearby, includes

28  a "Pro Shop" and "Tavern."  The Tavern is a meeting and waiting

**United States District Court**
For the Northern District of California

1   area for the golf course patrons when the golf course is open to

2   the public.  The Tavern includes a kitchen, a snack bar, a large

3   room and a large screen television.  As part of the residential

4   lease agreement, the caretaker is permitted private use of the

5   Tavern, including the kitchen and television, when the Tavern is

6   closed to the public.  Defendants contend that the Tavern is only

7   a commercial facility when it is open to the public.

8        On November 14, 2009, the Tavern on the Greens was closed to

9   the public, and the facility was used solely by the caretaker as a

10  dwelling unit.  The caretaker and Defendants ordered through a

11  cable service provider a telecast of the Program and watched it

12  with a group of friends.  No products or services were offered for

13  sale to any person, and no business activities were conducted.

DISCUSSION

15  I. Motion to Strike Affirmative Defenses

16       Plaintiff moved to strike Defendants' first through tenth

17  affirmative defenses.  In response, Defendants agreed to withdraw

18  their first, seventh and tenth affirmative defenses.  Defendants

19  seek leave to amend their second, third, fourth, fifth and sixth

20  affirmative defenses, and contend that their eighth, ninth and

21  eleventh affirmative defenses are adequately plead.

22       Under Federal Rule of Civil Procedure 12(f), the court may

23  strike from a pleading an insufficient defense.  However, a

24  defendant need only "state in short and plain terms its defenses

25  to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).

26  "The key to determining the sufficiency of pleading an affirmative

27  defense is whether it gives plaintiff fair notice of the defense."

28  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  A

4

**United States District Court**
For the Northern District of California

1  court should strike defenses only if they are clearly

2  insufficient.  See William Z. Salcer, Panfeld, Eldman v. Envicon

3  Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984).

4       Defendants' second affirmative defense asserts that Plaintiff

5  failed to mitigate its damages.  Because Plaintiff seeks statutory

6  damages with respect to its claims under sections 553 and 605, and

7  restitution for allegedly ill-gotten gains pursuant to its claim

8  under section 17200, the defense of mitigation is not applicable.

9  Plaintiff seeks compensatory damages for conversion.  Mitigation

10  in the context of Plaintiff's claim for conversion of its rights

11  to the Program is meaningless.  Defendants' argument that

12  Plaintiff could have prevented its damage by notifying the public

13  that Comcast and other cable and satellite service providers were

14  not authorized to offer the Program does not amount to a defense

15  of mitigation.  Accordingly, Defendants' mitigation defense is

16  stricken without leave to amend.

17       In their third affirmative defense, Defendants contend that

18  the damages Plaintiff allegedly suffered were the result of third

19  party actions.  This is not an affirmative defense, but rather a

20  defense, that Defendants did not damage Plaintiff.  It is stricken

21  without leave to amend.

22       Defendants' fourth affirmative defense contends that the

23  damages Plaintiff allegedly suffered are too speculative to be

24  recoverable.  Again, this is not an affirmative defense but merely

25  a defense to Plaintiff's claim of damages.  It is stricken without

26  leave to amend.

27       Defendants' fifth affirmative defense states that in the

28  event that Plaintiff is found to have suffered damage, Defendants

1  are entitled to indemnity from third parties.  Defendants failed

2  to plead sufficient facts to give Plaintiff notice of the

3  identities of these third parties or the nature of their actions.

4  Leave to amend, however, is unwarranted because the existence of a

5  right to indemnification is not a defense to liability.

6  Defendants must bring an action against whomever they claim should

7  indemnify them.

8      Defendants' sixth affirmative defense asserts estoppel.

9  Defendants allege that "Plaintiff directed, ordered, approved

10  and/or ratified" their conduct, but plead no further details to

11  give Plaintiff fair notice of the defense.  The defense is

12  stricken with leave to amend.

13      In their eighth affirmative defense, Defendants charge that

14  Plaintiff's "Complaint is unconstitutionally vague as applied to

15  these Defendants."  This generally-worded affirmative defense,

16  read in the context of Defendants' entire Answer and Counterclaim,

17  makes apparent that Defendants argue that sections 553 and 605 are

18  unconstitutionally vague as applied to their actions.  Thus, the

19  defense is sufficient as plead.  G & G Closed Circuit Events, LLC

20  v. Nguyen, 2010 WL 3749284, *6 (N.D. Cal.).

21      Defendants' ninth affirmative defense alleges that "the

22  Complaint is penal in nature in the damages sought by Plaintiff

23  disproportionate to any actual harm, if any it has suffered as a

24  result of the acts alleged, such that the Defendants have been

25  deprived of due process without reasonable notice."  This asserted

26  defense is incomprehensible and fails to give Plaintiff fair

27  notice of the defense.  Leave to amend is granted.

28

**United States District Court**
For the Northern District of California

1   Finally, Defendants' eleventh affirmative defense, broadly

2 alleging that sections 605 and section 553 are unconstitutional,

3 mirrors the language in Defendants' counterclaim.  Accordingly,

4 the sufficiency of the pleading of the defense is addressed with

5 respect to the counterclaim and the defense is not stricken.

6 II. Motion to Dismiss Defendants' Counterclaim

7   A. Subject Matter Jurisdiction--Standing

8   Dismissal is appropriate under Rule 12(b)(1) when the

9 district court lacks subject matter jurisdiction over the claim.

10 Fed. R. Civ. P. 12(b)(1).  Plaintiff contends that Defendants lack

11 standing to pursue their counterclaim for declaratory relief.  In

12 Lujan v. Defenders of Wildlife, the Supreme Court explained that

13     the irreducible constitutional minimum of standing
       contains three elements.  First, the plaintiff must
14     have suffered an injury in fact--an invasion of a
       legally protected interest which is (a) concrete and
15     particularized, and (b) actual or imminent, not
       conjectural or hypothetical.  Second, there must be a
16     causal connection between the injury and the conduct
       complained of--the injury has to be fairly traceable
17     to the challenged action of the defendant, and not the
       result of the independent action of some third party
18     not before the court.  Third, it must be likely, as
       opposed to merely speculative, that the injury will be
19     redressed by a favorable decision.
20

21 504 U.S. 555, 560-61 (1992) (internal citations and quotation

22 marks omitted).

23   Defendants have standing to pursue a claim for declaratory

24 relief to the extent that they seek an order that the federal

25 provisions are unconstitutional as applied to their conduct

26 alleged in this case.  Standing is satisfied because Defendants

27 have allegedly been injured by the enforcement of the two

28

7

**United States District Court**
For the Northern District of California

1  provisions whose constitutionality is challenged, the enforcement

2  action is contingent on the validity of the two provisions, and an

3  order declaring the provisions are unconstitutional would preclude

4  Plaintiff's two claims against Defendants.

5      Defendants appears to seek declaratory relief not only on

6  their own behalf, but also on behalf of others similarly situated.

7  Three criteria must be satisfied when a litigant seeks to assert

8  the constitutional right of third parties: "The litigant must have

9  suffered an 'injury in fact,' thus giving him or her a

10  'sufficiently concrete interest' in the outcome of the issue in

11  dispute; the litigant must have a close relation to the third

12  party; and there must exist some hindrance to the third party's

13  ability to protect his or her own interests."  <u>Powers v. Ohio</u>, 499

14  U.S. 400, 410-11 (1991) (internal citations omitted) (citing

15

16  <u>Singleton v. Wulff</u>, 428 U.S. 106, 112-16).

17      Defendants lack standing to seek a declaration on behalf of

18  other members of the public, addressing the constitutional

19  validity of applying the provisions to various hypothetical

20  situations.  Defendants have failed sufficiently to allege injury

21  arising from the various hypothetical scenarios, have not alleged

22  their likely future injury resulting from the challenged

23  applications of the laws, and have failed to plead a close

24  relationship with third parties facing the hypothetical situations

25

26  and a hindrance to the third parties' ability to protect their own

27  interests.

28

8

United States District Court
For the Northern District of California

1   Thus, Defendants have standing to pursue relief regarding the

2   alleged unconstitutionality of the statutes, but they do not have

3   standing to pursue relief for third parties.

4   B. Failure to State a Claim

5   Plaintiff also moves to dismiss Defendants' counterclaim

6   under Federal Rule of Civil Procedure 12(b)(6) for failure to

7   state a claim.

8   Dismissal for failure to state a claim is appropriate only

9   when the complaint does not give the defendant fair notice of a

10   legally cognizable claim and the grounds on which it rests.  Bell

11   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must

12   contain a "short and plain statement of the claim showing that the

13   pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In

14   considering whether the complaint is sufficient to state a claim,

15   the court will take all material allegations as true and construe

16   them in the light most favorable to the plaintiff.  NL Indus.,

17   Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

18   principle is inapplicable to legal conclusions; "threadbare

19   recitals of the elements of a cause of action, supported by mere

20   conclusory statements," are not taken as true.  Ashcroft v. Iqbal,

21   129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

22   Defendants' counterclaim alleges,

23   Title 46 United States Code Section 605 and Section
     553 are unconstitutional and violate the United States
24   Constitution, as amended, including specifically the
     First, Fifth, Sixth, Ninth and Fourteenth Amendments,
25   in that the statutes are penal in nature, are void for

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

vagueness, are overbroad, and violate the fundamentals
of due process, including, but not limited to, the
lack of sufficient notice to Defendants and lack of
guidance for enforcement.

In turn, Defendants plead eight hypothetical scenarios to
demonstrate that the statutes are void for vagueness and
overbroad.  Although stated in a single counterclaim, Defendants
have alleged two distinct constitutional theories--one challenging
the statutes' purported vagueness and another challenging the
statutes' overbreadth.

    "A statute is unconstitutionally vague if persons of 'common
intelligence must necessarily guess at its meaning and differ as
to its application.'"  Planned Parenthood of Cent. and Northern
Ariz. v. State of Ariz., 718 F.2d 938, 947 (9th Cir. 1983) (citing
Connally v. General Construction Co., 269 U.S. 385, 391 (1926)).
"[W]e insist that laws give the person of ordinary intelligence a
reasonable opportunity to know what is prohibited, so that he may
act accordingly . . . A vague law impermissibly delegates basic
policy matters to policemen, judges, and juries for resolution on
an ad hoc and subjective basis, with the attendant dangers of
arbitrary and discriminatory application."  Id. (citing Grayned v.
City of Rockford, 408 U.S. 104, 108 (1972)).

    Although claims of statutory vagueness usually arise in
criminal prosecutions, "the Supreme Court has also applied this
principle in civil proceedings, and in so doing has expressly
ruled that a criminal penalty need not be involved."  Fleuti v.

**United States District Court**
For the Northern District of California

Rosenberg, 302 F.2d 652 (9th Cir. 1962) (citing Small Company v. American Sugar Refining Co., 267 U.S. 233, 239 (1925)).  Economic regulation may be less precise than other forms of legislation because businesses are more apt to plan behavior carefully, consult relevant legislation in advance of action, and clarify the uncertainties through inquiry or administrative proceedings.  Village of Hoffman Estates v. Flipside, 455 U.S. 489, 498 (1982).  "The Court has also expressed greater tolerance of enactments with civil penalties because the consequences of imprecision are qualitatively less severe."  Id. at 499.

"A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct."  Grayned, 408 U.S. at 114.  A claim that a statute is overbroad presents the question of whether the challenged law unduly interferences with established constitutional rights, such as rights protected under the First Amendment.  See id. at 115.

Defendants' claim that the federal statutes are unconstitutionally vague is based on the Constitution's due process guarantee under the Fifth Amendment.  United States v. Makowski, 120 F.3d 1078, 1080 (1997).  Furthermore, Defendants allege that the overly vague statutes infringe on their First Amendment freedoms.  Defendants challenge the constitutionality of section 553, which relates to the unauthorized interception and receipt of cable service, and section 605, which concerns the

United States District Court
For the Northern District of California

1  unauthorized use of the contents of cable channel transmissions.

2  Defendants allege that sections 553 and 605, facially and as

3  applied in the present case, are unconstitutionally vague and

4  overbroad, threatening liability without fair notice and chilling

5  their protected First Amendment activities.  This claim is

6  cognizable.

7       Plaintiff argues that Defendants' counterclaim is

8  inadequately plead because it is overly general and implausible.

9  Plaintiff complains that Defendants have alleged, in a conclusory

10 fashion, violations of the First, Fifth, Sixth, Ninth and

11 Fourteenth Amendments.  As noted above, to the extent it is based

12 on the Fifth and First Amendments, Defendants' counterclaim is

13 cognizable.  Plaintiff is correct that it is impossible to

14 ascertain the theories upon which Defendants assert violations of

15 the Sixth, Ninth and Fourteenth Amendments.  The Court also

16 disregards the various hypothetical scenarios that Defendants have

17 plead.  See Comite de Jornaleros de Redondo Beach v. City of

18

19 Redondo Beach, 607 F.3d 1178, 1193 (9th Cir. 2010) (Courts "cannot

20 invalidate an ordinance for vagueness based on these sorts of

21 hypertechnical, imaginative interpretations and hypothetical

22 concerns.").

23

24      Accordingly, the Court denies Plaintiff's motion to dismiss

25 Defendants' counterclaim to the extent that it is based on the

26 First and Fifth Amendments.  However, Plaintiff's motion is

27

28 granted to the extent Defendants' counterclaim is based on the

**United States District Court**
For the Northern District of California

Sixth, Ninth and Fourteenth Amendments.  Within fourteen days of

this order, Defendants may submit an amended counterclaim,

rectifying their allegations as to the Sixth, Ninth and Fourteenth

Amendments.

III. Special Motion to Strike Defendants' Counterclaim

    Finally, Plaintiff specially moves under California Code of

Civil Procedure § 425.16 to strike Defendants' counterclaim.

Section 425.16(b)(1), which addresses Strategic Lawsuits Against

Public Participation (SLAPP), provides,

> A cause of action against a person arising from any
> act of that person in furtherance of the person's
> right of petition or free speech under the United
> States or California Constitution in connection with a
> public issue shall be subject to a special motion to
> strike, unless the court determines that the plaintiff
> has established that there is a probability that the
> plaintiff will prevail on the claim.

California anti-SLAPP motions are available to litigants

proceeding in federal court.  Thomas v. Fry's Elecs., Inc., 400

F.3d 1206, 1206 (9th Cir. 2005).  However, Plaintiff's anti-SLAPP

motion must be denied because it is directed at Defendants'

counterclaim, which presents a federal constitutional question.

Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010) ("[A]

federal court can only entertain anti-SLAPP special motions to

strike in connection with state law claims.").  See In re Bah, 321

B.R. 41, 45 (9th Cir. 2005).

                          CONCLUSION

    Plaintiff's motion for leave to file late reply briefs is

GRANTED.  Plaintiff's motion to strike Defendants' affirmative

United States District Court
For the Northern District of California

defenses is GRANTED IN PART.  Defendants' second, third, fourth

and fifth affirmative defenses are stricken without leave to

amend.  Defendants' sixth and ninth affirmative defenses are

stricken with leave to amend within fourteen days of the date of

this order.  Defendants' eighth affirmative defense is not

stricken.

Plaintiff's motion to dismiss Defendants' counterclaim is

DENIED to the extent that it is based on the First and Fifth

Amendments.  Plaintiff's motion to dismiss Defendants'

counterclaim is GRANTED to the extent Defendants' counterclaim is

based on the Sixth, Ninth and Fourteenth Amendments, but

Defendants may amend their counterclaim within fourteen days of

this order.  Plaintiff's motion to dismiss Defendants'

counterclaim is GRANTED to the extent that it seeks relief for

third parties and an explanation of the application of sections

553 and 605 to various hypothetical scenarios.

Plaintiff's special motion to strike Defendants' counterclaim

is DENIED.

On July 12, 2012, the parties shall appear for a further case

management conference and for hearing in regards to any

dispositive motion that the parties may file.

IT IS SO ORDERED.

Dated: 9/12/2011

CLAUDIA WILKEN
United States District Judge

14