IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>       Plaintiff and <br>       Counterclaim Defendant, <br><br>    v. <br><br> CHRISTINE LYNN DEAN and JAMES ROLAND DEAN, individually and doing business as TAVERN ON THE GREENS, and PMGC, INC., an unknown business entity doing business as TAVERN ON THE GREENS, <br><br>       Defendants. <br> _____/ | No. 10-05088 CW <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM, Docket No. 21, AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, Docket No. 22, DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM, Docket No. 23, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY BRIEFS, Docket No. 29 |

Plaintiff and Counterclaim Defendant J & J Sports Productions, Inc. has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim the counterclaim filed by Defendants Christine Lynn Dean and James Roland Dean, individually and doing business as Tavern on the Greens, and PMGC, Inc., also doing business as Tavern on the Greens.  Docket No. 21. In addition, Plaintiff has specially moved to strike Defendants' counterclaim pursuant to California Code of Civil Procedure § 425.16, Docket No. 23, and moved to strike Defendants' affirmative defenses, Docket No. 22.  Defendants have opposed the

motions to dismiss and strike. Plaintiff did not file a timely reply to any of the opposition briefs, but later moved for leave to file late reply briefs. The motion for leave included the proposed reply briefs. Defendants have not opposed the motion for leave.

Having considered all of the parties' submissions, the Court GRANTS Plaintiff's motion for leave to file reply briefs, and GRANTS IN PART Plaintiff's motions to dismiss Defendants' counterclaim and strike Defendants' affirmative defenses. Plaintiff's special motion to strike the counterclaim pursuant to section 425.16 is DENIED.

## BACKGROUND

This lawsuit arises from a boxing match between Manny Pacquiao and Miguel Cotto, the World Boxing Organization's Welterweight Championship Fight, which was telecast on November 14, 2009. Plaintiff has alleged that it was granted the exclusive commercial distribution (closed-circuit) rights to the nationwide telecast, including the match, all under-card bouts and fight commentary encompassed in the television broadcast of the event (the Program).

On November 10, 2010, Plaintiff filed suit alleging that Defendants unlawfully showed the Program at their establishment, Tavern on the Greens, in Martinez, California. Plaintiff brings four claims: (1) a violation of 47 U.S.C. § 605, (2) a violation of 47 U.S.C. § 553, (3) conversion and (4) a violation of California Business and Professions Code § 17200. With respect to its first two claims, Plaintiff seeks statutory damages in the amount of $170,000 against each of the Defendants, in addition to

2

reasonable attorneys' fees and costs, as permitted by the statutes.  Plaintiff seeks compensatory, as well as punitive and exemplary, damages from Defendants in connection with its claim for conversion.  Pursuant to its claim under section 17200, Plaintiff seeks restitution and disgorgement of Defendants' purportedly ill-gotten gains, as well as injunctive and declaratory relief, and attorneys' fees.

On April 3, 2011, Defendants filed their Answer to Plaintiff's Complaint.  Defendants Christine Lynn Dean and James Roland Dean admitted to owning a business entity known as PMGC, Inc., which conducted business as Tavern on the Greens, but otherwise denied Plaintiff's allegations and stated eleven affirmative defenses.  In addition, Defendants alleged a counterclaim for declaratory relief, seeking an order from this Court that sections 605 and 553 violate various provisions of the Constitution.  Defendants seek a "judicial determination of their rights and duties," and a "declaration of the validity" of sections 553 and 605, or, in the alternative, "a declaration of the exact terms and meaning of the statutes, the conduct and/or acts prohibited by the statute and/or permitted by the statutes, so that the Defendants/Counter-claimants or other similar [sic] similarly situated in the public can conform their conduct . . ."

In connection with their counterclaim, Defendants allege the following facts.  Defendant PMCG, Inc. operates a golf course, on which two buildings are located.  One building is a mobile home trailer.  The mobile home is a residential dwelling rented to the facility caretaker.  The other building, located nearby, includes a "Pro Shop" and "Tavern."  The Tavern is a meeting and waiting

3

area for the golf course patrons when the golf course is open to the public.  The Tavern includes a kitchen, a snack bar, a large room and a large screen television.  As part of the residential lease agreement, the caretaker is permitted private use of the Tavern, including the kitchen and television, when the Tavern is closed to the public.  Defendants contend that the Tavern is only a commercial facility when it is open to the public.

On November 14, 2009, the Tavern on the Greens was closed to the public, and the facility was used solely by the caretaker as a dwelling unit.  The caretaker and Defendants ordered through a cable service provider a telecast of the Program and watched it with a group of friends.  No products or services were offered for sale to any person, and no business activities were conducted.

## DISCUSSION

I. Motion to Strike Affirmative Defenses

Plaintiff moved to strike Defendants' first through tenth affirmative defenses.  In response, Defendants agreed to withdraw their first, seventh and tenth affirmative defenses.  Defendants seek leave to amend their second, third, fourth, fifth and sixth affirmative defenses, and contend that their eighth, ninth and eleventh affirmative defenses are adequately plead.

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading an insufficient defense.  However, a defendant need only "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  A

4

court should strike defenses only if they are clearly insufficient.  See William Z. Salcer, Panfeld, Eldman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984).

Defendants' second affirmative defense asserts that Plaintiff failed to mitigate its damages.  Because Plaintiff seeks statutory damages with respect to its claims under sections 553 and 605, and restitution for allegedly ill-gotten gains pursuant to its claim under section 17200, the defense of mitigation is not applicable.  Plaintiff seeks compensatory damages for conversion.  Mitigation in the context of Plaintiff's claim for conversion of its rights to the Program is meaningless.  Defendants' argument that Plaintiff could have prevented its damage by notifying the public that Comcast and other cable and satellite service providers were not authorized to offer the Program does not amount to a defense of mitigation.  Accordingly, Defendants' mitigation defense is stricken without leave to amend.

In their third affirmative defense, Defendants contend that the damages Plaintiff allegedly suffered were the result of third party actions.  This is not an affirmative defense, but rather a defense, that Defendants did not damage Plaintiff.  It is stricken without leave to amend.

Defendants' fourth affirmative defense contends that the damages Plaintiff allegedly suffered are too speculative to be recoverable.  Again, this is not an affirmative defense but merely a defense to Plaintiff's claim of damages.  It is stricken without leave to amend.

Defendants' fifth affirmative defense states that in the event that Plaintiff is found to have suffered damage, Defendants

5

are entitled to indemnity from third parties.  Defendants failed to plead sufficient facts to give Plaintiff notice of the identities of these third parties or the nature of their actions.  Leave to amend, however, is unwarranted because the existence of a right to indemnification is not a defense to liability.  Defendants must bring an action against whomever they claim should indemnify them.

Defendants' sixth affirmative defense asserts estoppel.  Defendants allege that "Plaintiff directed, ordered, approved and/or ratified" their conduct, but plead no further details to give Plaintiff fair notice of the defense.  The defense is stricken with leave to amend.

In their eighth affirmative defense, Defendants charge that Plaintiff's "Complaint is unconstitutionally vague as applied to these Defendants."  This generally-worded affirmative defense, read in the context of Defendants' entire Answer and Counterclaim, makes apparent that Defendants argue that sections 553 and 605 are unconstitutionally vague as applied to their actions.  Thus, the defense is sufficient as plead.  G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *6 (N.D. Cal.).

Defendants' ninth affirmative defense alleges that "the Complaint is penal in nature in the damages sought by Plaintiff disproportionate to any actual harm, if any it has suffered as a result of the acts alleged, such that the Defendants have been deprived of due process without reasonable notice."  This asserted defense is incomprehensible and fails to give Plaintiff fair notice of the defense.  Leave to amend is granted.

6

Finally, Defendants' eleventh affirmative defense, broadly alleging that sections 605 and section 553 are unconstitutional, mirrors the language in Defendants' counterclaim. Accordingly, the sufficiency of the pleading of the defense is addressed with respect to the counterclaim and the defense is not stricken.

II. Motion to Dismiss Defendants' Counterclaim

   A. Subject Matter Jurisdiction--Standing

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Plaintiff contends that Defendants lack standing to pursue their counterclaim for declaratory relief. In Lujan v. Defenders of Wildlife, the Supreme Court explained that

> the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted).

Defendants have standing to pursue a claim for declaratory relief to the extent that they seek an order that the federal provisions are unconstitutional as applied to their conduct alleged in this case. Standing is satisfied because Defendants have allegedly been injured by the enforcement of the two

7

provisions whose constitutionality is challenged, the enforcement action is contingent on the validity of the two provisions, and an order declaring the provisions are unconstitutional would preclude Plaintiff's two claims against Defendants.

Defendants appears to seek declaratory relief not only on their own behalf, but also on behalf of others similarly situated. Three criteria must be satisfied when a litigant seeks to assert the constitutional right of third parties: "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." Powers v. Ohio, 499 U.S. 400, 410-11 (1991) (internal citations omitted) (citing Singleton v. Wulff, 428 U.S. 106, 112-16).

Defendants lack standing to seek a declaration on behalf of other members of the public, addressing the constitutional validity of applying the provisions to various hypothetical situations. Defendants have failed sufficiently to allege injury arising from the various hypothetical scenarios, have not alleged their likely future injury resulting from the challenged applications of the laws, and have failed to plead a close relationship with third parties facing the hypothetical situations and a hindrance to the third parties' ability to protect their own interests.

Thus, Defendants have standing to pursue relief regarding the alleged unconstitutionality of the statutes, but they do not have standing to pursue relief for third parties.

B. Failure to State a Claim

Plaintiff also moves to dismiss Defendants' counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Dismissal for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

Defendants' counterclaim alleges,

> Title 46 United States Code Section 605 and Section 553 are unconstitutional and violate the United States Constitution, as amended, including specifically the First, Fifth, Sixth, Ninth and Fourteenth Amendments, in that the statutes are penal in nature, are void for

9

>     vagueness, are overbroad, and violate the fundamentals
>     of due process, including, but not limited to, the
>     lack of sufficient notice to Defendants and lack of
>     guidance for enforcement.

In turn, Defendants plead eight hypothetical scenarios to demonstrate that the statutes are void for vagueness and overbroad.  Although stated in a single counterclaim, Defendants have alleged two distinct constitutional theories--one challenging the statutes' purported vagueness and another challenging the statutes' overbreadth.

"A statute is unconstitutionally vague if persons of 'common intelligence must necessarily guess at its meaning and differ as to its application.'" Planned Parenthood of Cent. and Northern Ariz. v. State of Ariz., 718 F.2d 938, 947 (9th Cir. 1983) (citing Connally v. General Construction Co., 269 U.S. 385, 391 (1926)). "[W]e insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly . . . A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Id. (citing Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)).

Although claims of statutory vagueness usually arise in criminal prosecutions, "the Supreme Court has also applied this principle in civil proceedings, and in so doing has expressly ruled that a criminal penalty need not be involved." Fleuti v.

10

Rosenberg, 302 F.2d 652 (9th Cir. 1962) (citing Small Company v. American Sugar Refining Co., 267 U.S. 233, 239 (1925)).  Economic regulation may be less precise than other forms of legislation because businesses are more apt to plan behavior carefully, consult relevant legislation in advance of action, and clarify the uncertainties through inquiry or administrative proceedings. Village of Hoffman Estates v. Flipside, 455 U.S. 489, 498 (1982). "The Court has also expressed greater tolerance of enactments with civil penalties because the consequences of imprecision are qualitatively less severe."  Id. at 499.

"A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct."  Grayned, 408 U.S. at 114.  A claim that a statute is overbroad presents the question of whether the challenged law unduly interferences with established constitutional rights, such as rights protected under the First Amendment.  See id. at 115.

Defendants' claim that the federal statutes are unconstitutionally vague is based on the Constitution's due process guarantee under the Fifth Amendment.  United States v. Makowski, 120 F.3d 1078, 1080 (1997).  Furthermore, Defendants allege that the overly vague statutes infringe on their First Amendment freedoms.  Defendants challenge the constitutionality of section 553, which relates to the unauthorized interception and receipt of cable service, and section 605, which concerns the

11

unauthorized use of the contents of cable channel transmissions. Defendants allege that sections 553 and 605, facially and as applied in the present case, are unconstitutionally vague and overbroad, threatening liability without fair notice and chilling their protected First Amendment activities.  This claim is cognizable.

Plaintiff argues that Defendants' counterclaim is inadequately plead because it is overly general and implausible. Plaintiff complains that Defendants have alleged, in a conclusory fashion, violations of the First, Fifth, Sixth, Ninth and Fourteenth Amendments.  As noted above, to the extent it is based on the Fifth and First Amendments, Defendants' counterclaim is cognizable.  Plaintiff is correct that it is impossible to ascertain the theories upon which Defendants assert violations of the Sixth, Ninth and Fourteenth Amendments.  The Court also disregards the various hypothetical scenarios that Defendants have plead.  See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 607 F.3d 1178, 1193 (9th Cir. 2010) (Courts "cannot invalidate an ordinance for vagueness based on these sorts of hypertechnical, imaginative interpretations and hypothetical concerns.").

Accordingly, the Court denies Plaintiff's motion to dismiss Defendants' counterclaim to the extent that it is based on the First and Fifth Amendments.  However, Plaintiff's motion is granted to the extent Defendants' counterclaim is based on the

12

Sixth, Ninth and Fourteenth Amendments.  Within fourteen days of this order, Defendants may submit an amended counterclaim, rectifying their allegations as to the Sixth, Ninth and Fourteenth Amendments.

III. Special Motion to Strike Defendants' Counterclaim

Finally, Plaintiff specially moves under California Code of Civil Procedure § 425.16 to strike Defendants' counterclaim. Section 425.16(b)(1), which addresses Strategic Lawsuits Against Public Participation (SLAPP), provides,

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

California anti-SLAPP motions are available to litigants proceeding in federal court.  Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206 (9th Cir. 2005).  However, Plaintiff's anti-SLAPP motion must be denied because it is directed at Defendants' counterclaim, which presents a federal constitutional question. Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010) ("[A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims.").  See In re Bah, 321 B.R. 41, 45 (9th Cir. 2005).

CONCLUSION

Plaintiff's motion for leave to file late reply briefs is GRANTED.  Plaintiff's motion to strike Defendants' affirmative

13

defenses is GRANTED IN PART.  Defendants' second, third, fourth and fifth affirmative defenses are stricken without leave to amend.  Defendants' sixth and ninth affirmative defenses are stricken with leave to amend within fourteen days of the date of this order.  Defendants' eighth affirmative defense is not stricken.

Plaintiff's motion to dismiss Defendants' counterclaim is DENIED to the extent that it is based on the First and Fifth Amendments.  Plaintiff's motion to dismiss Defendants' counterclaim is GRANTED to the extent Defendants' counterclaim is based on the Sixth, Ninth and Fourteenth Amendments, but Defendants may amend their counterclaim within fourteen days of this order.  Plaintiff's motion to dismiss Defendants' counterclaim is GRANTED to the extent that it seeks relief for third parties and an explanation of the application of sections 553 and 605 to various hypothetical scenarios.

Plaintiff's special motion to strike Defendants' counterclaim is DENIED.

On July 12, 2012, the parties shall appear for a further case management conference and for hearing in regards to any dispositive motion that the parties may file.

IT IS SO ORDERED.

Dated: 9/12/2011

CLAUDIA WILKEN
United States District Judge